Filed 12/27/21  P. v. Vega CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY MICHAEL VEGA,<br><br>    Defendant and Appellant. | B312386<br><br>(Los Angeles County<br>Super. Ct. No. KA088697) |

_____

APPEAL from an order of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Remanded with directions.

Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Michael R. Johnsen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Anthony Michael Vega is currently serving a sentence of more than 29 years for four counts of armed robbery. In March 2021, the Secretary of the Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court recommending that the court recall Vega's sentence under Penal Code[1] section 1170, subdivision (d) and resentence him in light of recent amendments to the law giving trial courts the discretion to strike certain sentence enhancements that had previously been mandatory. Vega contends that the trial court abused its discretion by rejecting his request, and denied him due process by failing to allow him an opportunity to be heard on the issue. We do not reach the merits, but instead remand the case for reconsideration in light of recently enacted Assembly Bill No. 1540 (2021−2022 Reg. Sess.) (Assembly Bill No. 1540), which changes the standards and procedures for considering recommendations to resentence defendants.

## FACTUAL AND PROCEDURAL SUMMARY

In 2010, a jury convicted Vega of four counts of home invasion robbery (§§ 211, 213, subd. (a)(1)(A)), and found that he personally used a firearm in the commission of the crimes (§ 12022.53, subd. (b)). The court sentenced him to 29 years 8 months in prison, including 16 years 8 months for the firearm enhancements.

In 2017, the Legislature enacted Senate Bill No. 620 (2017−2018 Reg. Sess.) (Senate Bill No. 620), which amended

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

2

section 12022.53 to provide that "[t]he court may, in the interest of justice pursuant to [s]ection 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." (§ 12022.53, subd. (h).) The effect of this law was to give the trial court discretion to strike serious-felony and firearm enhancements that had previously been mandatory. (See *People v. Johnson* (2019) 32 Cal.App.5th 26, 67−68.)

In March 2021, the CDCR sent the trial court a letter recommending under section 1170, subdivision (d) that the trial court recall Vega's sentence and resentence him in light of Senate Bill No. 620. The letter noted that Vega had not violated any prison rules, and had participated in extensive rehabilitative programming while serving his sentence. The trial court denied the motion, stating, "[a]lthough the court acknowledges its new-found discretion under [Senate Bill No.] 620 to strike [or] dismiss gun use enhancements, it is the court's position that petitioner is not entitled to the relief sought given the gravity of the offenses for which he stands convicted. The court's opinion does not and will not change despite . . . Vega's exemplary behavior demonstrated and documented by the [CDCR]."

## DISCUSSION

Vega contends that the trial court abused its discretion by failing to consider relevant factors such as Vega's lack of prior serious criminal history, his age and medical conditions—he is 63 years old and permanently disabled—and by determining that his post-conviction conduct could never overcome the seriousness

3

of the offenses to justify resentencing him.  He also contends that the trial court violated his right to due process by denying him notice and an opportunity to be heard before ruling on his petition.

We need not reach the merits of Vega's contentions because the Legislature recently enacted Assembly Bill No. 1540, which alters both the procedural and substantive law regarding resentencing under section 1170, subdivision (d).  Because this case will not become final until after January 1, 2022, when the new law becomes effective, we agree with the Attorney General that it is in the interest of judicial economy to remand the case to the trial court to reconsider the petition under the new law.

Section 1170, subdivision (d)(1), as currently constituted, creates a mechanism for recalling a defendant's sentence and resentencing him at any time upon the recommendation of the secretary of the CDCR or certain other officials.  If the court elects to follow the CDCR's recommendation, it must "resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence."  (*Ibid.*)  "[U]nder the recall provisions of section 1170, subdivision (d), the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall."  (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  It "may . . . impose any otherwise lawful resentence suggested by the facts available at the time of resentencing."  (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456.)  The statute does not establish any procedural requirements the court must follow in addressing a recommendation from the CDCR; indeed, it "apparently does *not* require the court to respond to the recommendation."  (*Id.* at p. 459.)

4

Assembly Bill No. 1540 amends this law, moving the resentencing provisions currently codified at section 1170, subdivision (d)(1) to a newly created section 1170.03.[2]  The bill also changes the law in several respects.  Section 1170.03 preserves the procedure by which the secretary of the CDCR and certain other officials may recommend recalling a defendant's sentence.  Under the new statute, however, when an official submits a resentencing recommendation, the court must "provide notice to the defendant and set a status conference within 30 days after the date that the court received the request.  The court's order setting the conference shall also appoint counsel to represent the defendant."  (§ 1170.03, subd. (b)(1).)  Before the court can deny a defendant resentencing, it must provide "a hearing where the parties have an opportunity to address the basis for the intended denial or rejection."  (§ 1170.03, subd. (a)(8).)  The court must also "state on the record the reasons for its decision to grant or deny recall and resentencing." (§ 1170.03, subd. (a)(6).)

Under the new law, the court gains the authority to "[v]acate the defendant's conviction and impose judgment on any necessarily included lesser offense or lesser related offense, whether or not that offense was charged in the original pleading, and then resentence the defendant to a reduced term of imprisonment," subject to the concurrence of the defendant and the local district attorney.  (§ 1170.03, subd. (a)(3)(B).)  Finally, the law creates "a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the

---

[2] All citations to section 1170.03 are to the law as effective January 1, 2022.

defendant is an unreasonable risk of danger to public safety." (§ 1170.03, subd. (b)(2).)

The trial court denied Vega's petition before Assembly Bill No. 1540 was enacted, and in doing so, it did not have reason to apply the requirements of the new law. It did not appoint counsel to represent Vega or hold a hearing, and it did not apply a presumption in favor of recalling and resentencing him.

We agree with the Attorney General that it is in the interest of judicial economy to remand the case for reconsideration of the CDCR recommendation under section 1170.03. The CDCR has already decided that Vega is a worthy candidate for recall and resentencing. It would be a waste of resources to decide this case under the existing law, potentially leading the CDCR to file a new recommendation to recall Vega's sentence under the new standards of section 1170.03.

## DISPOSITION

The case is remanded to the trial court with instructions to vacate its order denying resentencing and to commence new proceedings under section 1170.03 after January 1, 2022.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


CRANDALL, J.*

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.